1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| CRYSTAL ANNA MADRIGAL, | Case No. 1:25-cv-00360-CDB |
| Plaintiff, | |
| v. | ORDER ON STIPULATION AMENDING SCHEDULING ORDER |
| WAL-MART ASSOCIATES, INC., | ORDER VACATING DECEMBER 22, 2025, MID-DISCOVERY STATUS CONFERENCE |
| Defendant. | |
| | (Docs. 14, 15) |

18       Plaintiff Crystal Anna Madrigal ("Plaintiff") initiated this action with the filing of a

19 complaint against Defendant Wal-Mart Associates, Inc. ("Defendant") on February 14, 2025, in

20 the Kern County Superior Court, Case No. BCV-25-100577.  (Doc. 1-1 at 7).  The case was

21 removed to this Court on March 26, 2025.  (Doc. 1).

22       On July 2, 2025, the Court entered the operative scheduling order setting forth discovery,

23 motion and pretrial and trial dates and deadlines, including, relevant here, the mid-discovery status

24 conference set for December 22, 2025, at 9:30 AM and the non-expert discovery deadline of

25 January 26, 2026.  (Doc. 14).

26       Pending before the Court is the parties' joint mid-discovery status conference report and

27 stipulated request therein to amend the scheduling order to the extent of extended the non-expert

28 discovery deadline by 60 days (to March 27, 2026), filed on December 15, 2025.  (Doc. 15).  The

parties represent that Plaintiff will take the deposition of Defendant's representative on January 2, 2026, and the deposition of Plaintiff's supervisor, Juan Cano, on January 20, 2026. *Id.* ¶ 2(a). The parties agree that Defendant will take the deposition of Plaintiff on January 22, 2026. *Id.* ¶ 2(b). The parties represent they have diligently and in good faith engaged in fact discovery and expect to complete their initial fact discovery by the deadline to do so. *Id.* ¶ 3. The parties anticipate the need for additional discovery following the scheduled depositions in mid-January 2026, and therefore request the Court to continue the January 26, 2026, non-expert discovery deadline by 60 days to March 27, 2026. *Id.*

Based on the parties' representations in their stipulated request, the Court finds good cause to amend case management dates and deadlines of the scheduling order (Doc. 14) to the extent of extending the non-expert discovery deadline only, as requested. The Court observes that the parties do not seek and have not shown good cause to extend any other case management dates – thus, the remaining deadlines (including the deadlines governing disclosure of expert witnesses and completion of expert discovery) remain unchanged.

Separately, based on the information contained in the parties' joint status report, the mid-discovery status conference set for December 22, 2025 (Doc. 14) will be vacated. The parties are reminded of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates.

**Conclusion and Order**

In light of the parties' representations in their stipulation (Doc. 15), and for good cause shown, it is HEREBY ORDERED that the scheduling order (Doc. 14) is amended as follows: Deadline to complete non-expert discovery is continued to March 27, 2026. All other case management dates and provisions of the operative scheduling order (Doc. 14) not in conflict with this order remain unchanged.

///

///

///

///

2

IT IS FURTHER ORDERED that the mid-discovery status conference set for December 22, 2025 (Doc. 14) is VACATED.

IT IS SO ORDERED.

Dated:  **December 16, 2025**

UNITED STATES MAGISTRATE JUDGE