UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRYSTAL ANNA MADRIGAL,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

Defendant.

Case No. 1:25-cv-00360-CDB

ORDER DENYING PARTIES' STIPULATED REQUEST TO FURTHER AMEND THE SCHEDULING ORDER

(Doc. 17)

Plaintiff Crystal Anna Madrigal ("Plaintiff") initiated this action with the filing of a complaint against Defendant Wal-Mart Associates, Inc. ("Defendant") on February 14, 2025, in the Kern County Superior Court, Case No. BCV-25-100577. (Doc. 1-1 at 7). The case was removed to this Court on March 26, 2025. (Doc. 1). On July 2, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 14). On December 16, 2025, the Court granted the parties' stipulated request to amend the scheduling order to the extent of continuing the non-expert discovery deadline to March 27, 2026, based on the parties' representations that they anticipated conducting two identified depositions and otherwise expected to complete non-expert discovery by the extended deadline. (Doc. 16).

Pending before the Court is the parties' joint stipulated request to further amend the scheduling order, filed on February 5, 2026. (Doc. 17). The parties represent that they intend to

participate in private mediation and anticipate setting mediation shortly. *Id.* at 2. The parties represent that they agree to a short continuance of the pretrial and trial-related deadlines to allow the parties to complete informal and formal attempts to resolve this action while conserving time and resources of the Court and the parties. *Id.* at 3. The parties represent that good cause exists to grant the requested extensions and a continuance of the trial dates because they have diligently and in good-faith worked to move this case forward and are engaged in ongoing resolution efforts. *Id.* The parties seek to amend the scheduling order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery | March 27, 2026 | April 24, 2026 |
| Expert Disclosure | February 9, 2026 | May 9, 2026 |
| Rebuttal Disclosures | March 9, 2026 | June 9, 2026 |
| Expert Discovery | April 8, 2026 | July 8, 2026 |
| Non-Dispositive Motion Filing | April 22, 2026 | July 22, 2026 |
| Non-Dispositive Motion Hearing | May 27, 2026, 10:30 AM | August 27, 2026, 10:30 AM |
| Dispositive Motion Filing | June 24, 2026 | September 24, 2026 |
| Dispositive Motion Hearing | July 29, 2026, 10:30 AM | October 29, 2026, 10:30 AM |
| Pre-trial Conference | September 9, 2026, 10:30 AM | December 9, 2026, 10:30 AM |
| Jury Trial | November 9, 2026, 8:30 AM | February 8, 2027, 8:30 AM |

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties,

2

> and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id.*  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Here, although the parties represent that good cause exists to grant their request because they have "diligently" and "in good-faith worked to move this case forward," their generalized characterizations are insufficient for the Court to measure the diligence with which the case has been litigated.  This is why the Court admonished the parties upon scheduling the case that it would not consider stipulated requests to extend deadlines unless supported by attorney declarations that establish good cause – namely, diligence – for granting an extension.  (Doc. 14 at 8).  Instead of factually demonstrating diligence, the parties largely rely on the notion that the case management dates should be continued to accommodate their settlement efforts to resolve the case.  But the Court's dispositive inquiry focusses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not the equities of cost-savings and convenience to the parties.

In short, because the parties fail to demonstrate that they are unable to reasonably meet a deadline despite acting diligently, the Court is unable to find that an extension of case management dates is warranted.  *Johnson*, 975 F.2d at 609.

### Conclusion and Order

Accordingly, the parties' joint stipulated request to further amend the scheduling order (Doc. 17) is DENIED.

IT IS SO ORDERED.

Dated:  __**February 6, 2026**__            _____

UNITED STATES MAGISTRATE JUDGE

3